1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   CHARLES TINDER,                                          Case No. 2:22-CV-950 JCM (DJA)

8                                    Plaintiff(s),                          ORDER

9          v.

10  GAUGHAN SOUTH LLC dba SOUTH POINT
    HOTEL AND CASINO, et al.,
11
12                                   Defendant(s).

13
14          Presently before the court is plaintiff Charles Tinder's ("plaintiff") motion to remand.

15  (ECF No. 13).  Defendants Gaughan South LLC d/b/a South Point Hotel and Casino and Greg

16  Fisher ("defendants") filed a response.  (ECF No. 16).  Plaintiff has not replied, and the time to

17  do so has passed.

18  **I.        Background**

19          Plaintiff initiated this action in the Eighth Judicial District Court of Clark County in

20  January 2022, alleging employment discrimination under state and federal law as well as breach

21  of the implied covenant of good faith and fair dealing.  (ECF Nos. 1, 1-1).

22          Service was attempted January 19, 2022, with no answer.  (ECF No. 13 at 7, Exh. 1).

23  Service was again attempted January 21, 2022, and the registered agent refused and stated that

24  the paperwork must name Gaughan South LLC d/b/a South Point Hotel and Casino.  (*Id.*).  On

25  March 21, 2022, service was attempted for a third time, and the registered agent again stated

26  Gaughan South LLC must be named.  (*Id.*).  The pleading was ultimately served on May 3, 2022,

27  without naming Gaughan South LLC.  (ECF No. 13 at 9, Exh. 2).  Plaintiff filed an amended

28  complaint naming Gaughan South LLC on May 31, 2022.  (ECF No. 1).

James C. Mahan
U.S. District Judge

On June 15, 2022, defendant removed this action to this court based on federal question jurisdiction.  (ECF No. 1).  On July 12, 2022, plaintiff timely filed the instant motion, arguing, *inter alia*, that defendant failed to timely remove.  (ECF No. 6).

## II.      Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)).  Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)).  Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694.  "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is

1   proper and any doubt is resolved against removability." *Hawaii ex rel. Louie v. HSBC Bank*
2   *Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014).

3          Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's
4   receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts
5   necessary for federal court jurisdiction." *Durham*, 445 F.3d at 1250 (quoting *Harris v. Bankers*
6   *Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)).  "Otherwise,
7   the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended
8   pleading, motion, order or other paper' from which it can determine that the case is removable."
9   *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

10          A plaintiff may challenge removal by timely filing a motion to remand.  28 U.S.C.
11   § 1447(c).   On a motion to remand, the removing defendant must overcome the "strong
12   presumption against removal jurisdiction" and establish that removal is proper.  *Hunter*, 582 F.3d
13   at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  Due to
14   this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of
15   remand to state court.  *Id.*

16   **III.   Discussion**

17          Plaintiff moves to remand due to defendants' failure to remove this matter within thirty
18   days of service.  (ECF No. 13); *see* 28 U.S.C. § 1446(b); *Harris v. Bankers Life and Cas. Co.*,
19   425 F.3d 689, 694 (9th Cir. 2005).

20          Neither party disputes this court has original jurisdiction over at least one claim arising
21   under federal law.  *See* 28 U.S.C. § 1331; (ECF Nos. 13, 16).  Rather, the parties dispute when
22   defendants were on notice this matter was removable and consequently whether defendants'
23   removal was timely.  (ECF Nos. 13, 16).

24          Plaintiff contends that defendants were on notice of removability as early as January
25   2022 when he first tried to serve defendants.  (ECF No. 13).  Service was refused because the
26   initial complaint named only South Point Hotel and Casino rather than Gaughan South LLC.
27   (ECF No. 13 at 7, Ex. 1).  Plaintiff alternatively asserts that defendants were on notice when
28   service was effectuated on May 3, 2022.  (ECF No. 13 at 9–10, Ex. 2).  The pleading again

James C. Mahan
U.S. District Judge

- 3 -

1   named South Point Hotel and Casino rather than Gaughan South LLC.  (*Id.*).   Notably, all

2   versions of the complaint have named Greg Fisher and included plaintiff's federal question

3   claim.

4          Defendants assert service of process was not effectuated on Gaughan South LLC until

5   May 31, 2022, when plaintiff amended his complaint to name it as a defendant, and thus the

6   thirty-day time period for removal began May 31, 2022.  (ECF No. 16); *see Durham*, 445 F.3d at

7   1250.

8          Defendants mistakenly believe effectuated service of the named party is necessary to

9   provide notice.  Plaintiff, however, need not produce evidence of actual receipt of service; "risk

10  of nondelivery must fall upon the defendant."  *Mitchell v. Second Jud. Dist. Ct.*, 418 P.2d 994,

11  997 (Nev. 1966).

12         Moreover, even though plaintiff only named the trade name rather than the legal name,

13  the registered agent for Gaughan South LLC recognized plaintiff's intention to sue Gaughan

14  South LLC.[1]  Thus, as early as January 21, 2022, defendants were aware of a pleading sufficient

15  to give them notice of removability.  Defendants did not remove this action until June 12, 2022,

16  which is past the thirty-day deadline.  (ECF No. 1); *see Durham*, 445 F.3d at 1250.

17         This court finds that defendants failed to timely remove this matter.  Thus, remand is

18  appropriate.

19  **IV.   Conclusion**

20         Accordingly,

21         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to

22  remand (ECF No. 13) be, and the same hereby is, GRANTED.

23         DATED October 21, 2022.

24                                              _____

25                                              UNITED STATES DISTRICT JUDGE

26

27  _____

28         [1] The registered agent informed plaintiff's process server Gaughan South LLC must be on the
    paperwork.

**James C. Mahan**
**U.S. District Judge**

- 4 -